[750 NYS2d 614]

In the Matter of BEN KINZLER, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, November 4, 2002

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset (*Muriel L. Gennosa* of counsel), for petitioner.

*Beldock Levine & Hoffman, LLP,* New York City (*Myron Beldock* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated December 28, 1998, containing four charges of professional misconduct. The Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's findings and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's attorney has submitted an affirmation in which he admits the commingling charges (Charges Three and Four) but denies the conversion charges (Charges One and Two), and requests that the Court impose a discipline no more severe than a public censure.

Charge One alleges that the respondent misappropriated and converted escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). The charge was based on two separate investment transactions in 1988 involving Gerald Bitran. The respondent had represented Bitran in Bitran's divorce action in 1987, and in a proceeding in Family Court for support and maintenance in 1987 and 1988.

In the first transaction, on or about May 27, 1988, Theodore Daniels, as silent nominee for the respondent and two other individuals, entered into a contract with Bitran for the purchase of a one-half interest in a house in Dix Hills. The respondent also represented Bitran in the sale of the Dix Hills property.

At the closing on June 3, 1988, the respondent issued the following escrow checks to satisfy the purchasers' obligations under the contract without providing the correlating funds to Mr. Daniels:

|  | Amount | Payee |
|---|---|---|
| check No. 1931 | $13,785 | Ben Kinzler, as attorney |
| check No. 1932 | $88,715 | Gerald Bitran |
| check No. 1933 | $ 794 | Title company |
| check No. 1934 | $ 25 | Title closer |

The respondent had the necessary funds delivered to Daniels on or about June 6, 1988.

In the second transaction, in or about May 1988, the respondent and two other individuals agreed to purchase an assignment of Bitran's contract rights with respect to a condominium in Commack in exchange for the down payment which Bitran had previously made. The respondent and two other individuals purchased that property on or about June 2, 1988. A total of $125,119 was issued from the respondent's escrow account with respect to the two purchases.

On or about June 8, 1988, the respondent should have had the sum of $31,703.75 in escrow with respect to the aforementioned matters. However, the balance in the respondent's escrow account on June 8, 1988, was $29,307.45. By issuing the escrow checks drawn to purchase the Dix Hills and Commack properties, the respondent invaded client escrow money entrusted to his care in the amount of $2,396.30.

Charge Two alleges that the respondent has engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in Charge One. By his misuse of escrow funds entrusted to his care, the respondent violated his inherent duty under law as an escrowee.

Charge Three alleges that the respondent improperly commingled personal funds and client escrow funds. From approximately 1981 through 1989, the respondent left his legal fees in his escrow account after disbursing the corresponding client share. Client matters from which the respondent permitted his legal fees to remain in the escrow account are as follows:

| Client Matter | | Amount | Period of Commingling |
|---|---|---|---|
| (a) | Chatfield | $ 400 | 1981-1986/1988 |
| (b) | Bowring | $ 400 | 1983-1986/1988 |
| (c) | Wormley | $ 150 | " |
| (d) | Browne | $3,262 | 1983 |
| | Browne | $ 262 | 1984-1986/1988 |
| (e) | Nafis | $4,595 | 1983 |
| | Nafis | $ 595 | 1984-1986/1988 |
| (f) | Platzer | $ 13.36 | 1983-1986/1988 |
| (g) | Marston | $ 160 | " |
| (h) | Anderson | $ 24.25 | " |
| (i) | Weilert | $ 900 | 1984-6/1988 |
| (j) | Grasso | $ 180.01 | " |
| (k) | Tang | $ 100 | " |

| | | | |
|---|---|---|---|
| (l) | Duroskaufer | $ 1,500 | " |
| (m) | Liepper | $ 1,100 | " |
| (n) | Russo | $ 173.50 | " |
| (o) | Sherman | $ 2,118.45 | " |
| (p) | Posner | $ 3,500 | " |
| (q) | Bernstein | $15,000 | 1987-6/1988 |
| (r) | Allwood | $12,766.53 | " |
| (s) | Ball | $ 1,500 | " |
| (t) | Bernado | $20,000 | " |
| (u) | Tricolla | $ 463 | " |
| (v) | Nordio | $ 5,587 | " |
| (w) | Resnick | $ 1,500 | " |
| (x) | Cullbreath | $ 700 | " |
| (y) | Bottari | $ 5,155 | " |
| (z) | Shattner | $ 5,000 | " |
| (aa) | Center Cadillac | $ 1,117.64 | Prior to 6/1988 |
| (bb) | Delgado | $16,000 | " |
| (cc) | Kromberg | $ 19 | " |
| (dd) | Bitran | $13,785 | 6/10/88-1/30/89 |
| (ee) | Hildegard | $ 6,000 | 6/25/88-1/30/89 |
| (ff) | Bradshaw | $ 5,708.42 | 9/06/88-1/30/89 |
| (gg) | Kisielswicy | $ 20 | 9/08/88-1/30/89 |
| (hh) | Grossman | $ 1,298.28 | 9/28/88-1/30/89 |
| (ii) | Brussel | $ 1,500 | 1/30/89 |

By failing to contemporaneously remove legal fees from the escrow account and permitting them to remain on deposit with clients' funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), in effect during the aforementioned periods of commingling, the respondent has engaged in improper commingling.

Charge Four alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in Charge Three. By failing to remove legal fees from his escrow account contemporaneously with the disbursements to the respective clients, the respondent violated his inherent duty under law as an escrowee.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all four charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the absence of harm to any clients, his extraordinary cooperation and

candor, the isolated nature of this incident in May-June 1988, the absence of deceitful representations, and the absence of any client complaints. The respondent has compiled an impressive list of character witnesses. The respondent has expressed remorse and conceded that he used "very poor and unlawyer-like judgment" in becoming involved in transactions with a former client, particularly involving an asset in which that client's wife retained an interest.

The respondent has been the subject of seven letters of caution and three letters of admonition between 1985 and 1999.

Under the totality of the circumstances, the respondent is suspended from the practice of law for two years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Ben Kinzler, is suspended from the practice of law for a period of two years, commencing December 4, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the two-year period, upon furnishing satisfactory proof that during that period he has (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Ben Kinzler, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.